**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL L. NICKOLAN, | Case No. **'22 CV0272 BEN KSC** |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.** |
| MIDLAND CREDIT MANAGEMENT, INC., | |
| Defendant. | |
| | **DEMAND FOR JURY TRIAL** |

### COMPLAINT

NOW comes CHERYL L. NICKOLAN ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), as follows:

#### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

#### JURISDICTION AND VENUE

1

2.   This action arises under and is brought pursuant to the FDCPA   Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant's principal place of business is located in San Diego County, California, which is located within the Southern District of California.

**PARTIES**

4.   Plaintiff is a consumer and a natural person over-the-age of 18.

5.    Defendant is a collection company that claims to, "specialize in servicing accounts that have fallen behind and have been charged off by the lender."[1] Defendant is incorporated in the State of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7.   The instant action stems from Defendant's attempts to collect upon a consumer debt ("subject debt") that Plaintiff does not owe.

8.   In 2021, Plaintiff began receiving calls to her cellular phone, (347) XXX-9057, from Defendant.

9.   At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone line ending in -9057.  Plaintiff is and always has been financially responsible for the cellular phone line and its services.

---

[1] https://www.midlandcredit.com/who-is-mcm/

10. Defendant mainly used the phone numbers (248) 352-4604 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

11. Upon information and belief, Defendant regularly utilizes the above-referenced phone numbers ending in -4604 during its debt collection activity.

12. Plaintiff was perplexed by Defendant calling her because the debt Defendant was attempting to collect is a debt that did not belong to her and to which she had no connection.

13. Upon answering phone calls from Defendant, Plaintiff learned that Defendant was looking for someone named "Aracely Cruz."

14. Plaintiff has no connection to Aracely Cruz or Aracely Cruz's alleged debt, so she informed Defendant that they were contacting the wrong party and demanded that it cease placing calls to her cellular phone.

15. However, even after being informed it was contacting the wrong party, Defendant continued to place calls to Plaintiff.

16. Notwithstanding the information provided by Plaintiff and Plaintiff's demands, Defendant has continued placing collection calls to Plaintiff's cellular phone up until the filing of the instant action.

17. Plaintiff has received numerous phone calls from Defendant since telling it that it was calling the wrong party and demanding that it stop calling.

18. Frustrated over Defendant's conduct, Plaintiff spoke with her attorneys regarding her rights, resulting in expenses.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for a different individual, increased risk of personal injury resulting from the distraction caused by

the numerous calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector, and engages in a business the principal purpose of which is collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

25. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a.  **Violations of FDCPA §§ 1692b & c(b)**

26. The FDCPA, pursuant to 15 U.S.C. § 1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer." Additionally, under § 1692b(3), a debt collector "shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." Furthermore, under § 1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any

4

debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

27. Defendant violated §§ 1692b, b(3), and c(b) by contacting Plaintiff on a number of occasions seeking to collect upon a debt allegedly owed by an individual named "Aracely Cruz". Plaintiff explicitly notified Defendant that she was not the individual it was looking for and demanded that it stop calling. Defendant had more than enough information to know that the number it was calling did not belong to Plaintiff. Armed with this information, Defendant nevertheless continued to call Plaintiff's cellular phone repeatedly without her consent, knowing she was not the individual obligated to pay the subject debt.

**b.  Violations of FDCPA § 1692c(a)(1) and § 1692d**

28. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. Defendant violated §§ 1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop and that Plaintiff was not individual it needed to contact. This repeated behavior of systematically calling Plaintiff's phone in spite of her demands in an attempt to collect a debt owed by someone named "Aracely Cruz" was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

30. Defendant was notified by Plaintiff that its calls were not welcome.  As such, Defendant knew that its conduct in placing the calls was inconvenient and harassing to Plaintiff.

**c.  Violations of FDCPA § 1692e**

31.  The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32.  In addition, this section enumerates specific violations, such as:

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

33.  Defendant violated §§ 1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt, and was notified more than once by Plaintiff that it was not Aracely Cruz's number and to stop calling. Nevertheless, Defendant called Plaintiff numerous times in a deceptive attempt to force her to answer its calls and ultimately make a payment, even though the debt was not Plaintiff's. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when not only did it not have consent to do so in the first place, but was also subsequently told to stop calling.

**d.  Violations of FDCPA § 1692f**

34.  The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35.  Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff asking to speak with an individual who was not Plaintiff. Defendant repeatedly asked to speak with an individual named "Aracely Cruz", even after Plaintiff told Defendant that it was not Aracely Cruz's number. Attempting to coerce payment by placing voluminous phone calls after having knowledge that it is contacting the wrong person and being told to stop is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

6

36.  As pled in paragraphs 18 through 20, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, CHERYL L. NICKOLAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

      a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

      b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

      c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

      d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

      e.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 28, 2022                Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com